UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TAMMY BLANCHARD**                                        **CIVIL ACTION**

**VERSUS**                                            **NO. 14-1547**

**ENTERGY LOUISIANA, LLC, ET AL.**                  **SECTION "K"(2)**

## ORDER AND REASONS

Before the Court is a Motion in Limine to Exclude Plaintiff's Exhibits or, Alternatively, to Exclude Specific Evidence (Doc. 54). Defendants Utility Lines Construction Services, Inc. ("ULCS") and Entergy Louisiana, LLC ("Entergy") seek to preclude plaintiff from filing a witness list as a result of her failure to do so in a timely fashion. Additionally, defendants seek to strike certain evidence, specifically, (1) hand-written notes of witnesses which describe the condition of the plaintiff subsequent to the accident at issue herein and (2) subsequent remedial measures. Having considered the pleadings, memoranda and the relevant law, the Court finds as follows.

A decision to strike a late-designated witness or exhibit is committed to a district court's discretion. *In re Katrina Canal Breaches Consol. Litig.*, 2009 WL 1208357, at *1 (E.D. La. Apr. 30, 2009), citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990). The court reviews four factors in deciding whether to strike such a witness: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). The same analysis applies to striking an exhibit. The Court will address each request.

**Exhibit List**

Plaintiff admits there is no explanation for the failure to include an exhibit list with the witness list filed by plaintiff; however, this trial was continued to May 16, 2016. Plaintiff filed her exhibit list on November 2, 2015 after the continuance was granted. Although this Court admonishes plaintiff to adhere to all future deadlines, defendants will not be prejudice by receiving an exhibit list more than six months in advance of trial. Therefore, the motion to strike the exhibit list is denied.

**Hand-Written Notes**

The hand-written notes are clearly hearsay and directly relate to the element of damages. Obviously, defendants cannot cross-examine a written statement. As such, the notes are excluded as rank hearsay and will be excluded.

**Subsequent Remedial Measures**

Clearly, under the Federal Rules of Evidence, evidence of subsequent remedial measures is not allowed except under certain limited circumstances, such as impeachment or–if disputed–proving ownership, control, or the feasibility of precautionary measures. Fed. R. Evid. 407. The Court will deny this part of the motion without prejudice to re-urge same at the appropriate time. It is the practice of this Court to review every exhibit to which an objection is lodged after bench books have been provided to the Court. The Court denies the motion at this time.

**Motion Practice**

Under the original scheduling order for this trial, all substantive motions including *Daubert* motions were to be filed no later than September 8, 2015 for hearing on September 23, 2015.  However, motions in limine concerning evidence were ordered to be filed five working days prior to trial.  Considering that this case has been continued to **May 16, 2016,** all parties shall be allowed to file evidentiary motions in limine on or before **5:00 p.m. on May 6, 2016,** which shall not be not noticed for hearing and opposition to those motion(s) shall be filed no later than **5:00 p.m. on May 10, 2016.**  Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude Plaintiff's Exhibits or, Alternatively, to Exclude Specific Evidence (Doc. 54) is **DENIED** with respect to the striking of the witness list; is **DENIED** without prejudice to re-urge their motion with respect to evidence of subsequent remedial measures; and is **GRANTED** with respect to the handwritten notes.

**IT IS FURTHER ORDERED**  that evidentiary motions in limine may be filed on or before **5:00 p.m. on May 6, 2016,** which motions shall not be not noticed for hearing and opposition to those motion(s) shall be filed no later than **5:00 p.m. on May 10, 2016.**

New Orleans, Louisiana, this 3rd day of December, 2016.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE** si